UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEPHEN JONES, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:10-CV-1748 (CEJ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the third motion of Stephen Jones to vacate, correct, or set aside sentence pursuant to 28 U.S.C. §2255. Jones was granted permission to file a successive motion in a judgment entered by the United States Court of Appeals for the Eighth Circuit. <u>Stephen Jones v. United States of America</u>, No. 10-1387 (8th Cir. August 3, 2010). The United States has filed a response, and the issues are fully briefed.

Following a jury trial, Jones was found guilty of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). He was sentenced to a 240-month term of imprisonment. The conviction and sentence were affirmed on appeal. <u>United States v. Stephen Jones</u>, No. 98-2365 EM (8th Cir., November 27, 1998). Jones' first motion to vacate was denied and his second, successive motion was dismissed.

In its response to the present motion, the government states that its prosecution of Jones rested largely on the testimony of a police officer named Vincent Carr. Indeed, it was Carr who testified that he saw cocaine base in Jones' possession. Since Jones' trial took place, Carr has been convicted of several federal felony offenses stemming from his corrupt activities as a police officer. Because of this, the government states that it can no longer vouch for Carr's testimony nor can it corroborate Carr's testimony by independent credible evidence. Thus, the government joins in Jones' motion to vacate the judgment.

Carr's illegal activities did not come to light until long after Jones' trial and, therefore, could not have been used as impeachment. Had this information been available earlier, it is likely that the government would not have used Carr as a witness, and thus would have been unable to present any eyewitness testimony that Jones had the cocaine base in his possession.

The Court agrees with the parties that Jones has established his entitlement to the relief he seeks. It is therefore appropriate that the judgment in this case be vacated and, because the government does not intend to re-try the case, that Jones be released from prison.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Stephen Jones to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 is **GRANTED**.

IT IS FURTHER ORDERED that the United States Bureau of Prisons shall release Stephen Jones (Inmate Number 24945-044) from custody upon receipt of this Memorandum and Order.

A separate order vacating the judgment will accompany this Memorandum and Order.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 10th day of November, 2010.