UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEPHEN JONES, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:10-CV-1748 (CEJ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**AMENDED MEMORANDUM AND ORDER AND CERTIFICATION**

On November 10, 2010, the Court granted the motion of Stephen Jones to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. §2255, and vacated the judgment of conviction. Jones now moves for a certificate of innocence, pursuant to 28 U.S.C. § 2513. The United States consents to the granting of the motion.

Section 1495 of Title 28, United States Code, permits an individual "unjustly convicted of an offense against the United States and imprisoned" to assert a claim for damages. The statute provides that the U.S. Court of Federal Claims "shall have jurisdiction to render judgment" upon such claims. "Any person suing under [28 U.S.C.] section 1495" is required to allege and prove:

> (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and
>
> (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and

1

he did not by misconduct or neglect cause or bring about his own prosecution.

28 U.S.C. § 2513(a).

Section 2513(b) provides that "[p]roof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received." Thus, in order to obtain a certificate of innocence, Jones must prove (1) that his conviction was set aside on the ground that he was not guilty; (2) that he is actually innocent of the offense of which he was convicted; and (3) that he neither caused nor brought about his own prosecution. See Betts v. United States, 10 F.3d 1278, 1284-86 (7th Cir. 1993); United States v. Lyons, 726 F.Supp.2d 1359, 1365 (M.D.Fla. 2010).

I. **Conviction Set Aside**

Following a jury trial, Jones was found guilty of possessing with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). He was sentenced to a 240-month term of imprisonment. The conviction and sentence were affirmed on appeal. United States v. Stephen Jones, No. 98-2365 EM (8th Cir. November 27, 1998).

After receiving permission to do so, Jones filed a successive motion to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255. In its response to the motion to vacate, the government stated that its prosecution of Jones rested largely on the testimony of a St. Louis police officer named Vincent Carr. Carr testified that he saw Jones holding a bag containing the cocaine base that was the subject of the indictment. More than ten years after Jones' trial, Carr pled guilty to five federal felony offenses stemming from his corrupt activities as a police officer. Because of that, the

2

government stated in response to the motion to vacate that it could no longer vouch for Carr's testimony nor for the testimony of a second police officer, Shell Sharp, who was also present, and that it could not corroborate Carr's testimony by independent credible evidence. It further stated that "because of the subsequent convictions related to his official duties by the police officer on whose testimony [Jones'] conviction rests, the Government has lost confidence in the probity of [Jones'] conviction." *United States' Motion and Response to Movant's 2255 Motion*, p. 4 (Doc. # 8). Thus, the government joined in Jones' motion to vacate. On November 10, 2010, the Court granted the motion and vacated the judgment.

Because the only evidence that established Jones' possession of cocaine base consisted of testimony that the government now concedes lacks credibility, Jones' guilt could not have been established beyond a reasonable doubt. It follows, then, that Jones' conviction was set aside on the ground that he was not guilty of the offense with which he was charged. Thus, Jones has established the first prong of his § 2513(a) motion.

II. **Actual Innocence**

The charge against Jones stemmed from the execution of a search warrant by officers of the St. Louis Metropolitan Police Department at the apartment of Jones' parents on October 29, 1997. The search warrant was issued based upon Carr's affidavit which stated, among other things, that a confidential informant had seen an individual named Sherrod Greenlaw selling cocaine base from the apartment. The trial testimony revealed that Greenlaw was the primary target of the police officers' investigation.

It is undisputed that Jones was present at his parents' home at the time of the search, but there was no evidence that he lived there. Indeed, Jones has submitted evidence identifying the occupants of the apartment and showing that he lived elsewhere. Neither Carr nor Sharp had ever seen or heard of Jones before the search warrant was executed; and, according to the search warrant affidavit, only Greenlaw had been seen at the residence. However, what is more important is that, apart from the now-discredited testimony of Carr and Sharp, there is no evidence that Jones had possession of cocaine base, either at the time of the search or at any earlier time.

While a reversal of a conviction based on the insufficiency of the prosecution's evidence is not enough to entitle a movant to a certificate of innocence (see, United States v. Racing Services, Inc., 580 F.3d 710, 712 (8th Cir. 2009)), that is not the case here. When the non-credible evidence is stripped away, all that remains is the evidence of Jones' presence at the apartment. That act, however, was not a crime. The Court concludes that Jones is actually innocent of the crime of which he was convicted. Thus, Jones has established the second element of § 2513(a).

### III. Caused or Brought About Prosecution

As set forth above, establishing the third prong of § 2513(a) requires proof that the movant did not bring about or cause his prosecution, either by misconduct or neglect. According to one court that has considered the issue:

> Case law on this portion of Section 2513 is sparse. But the legislative history of the statute shows that, to be disqualifying, the misconduct must consist of something outside of the charged conduct, such as "an attempt to flee, a false confession, the removal of evidence, or an attempt to induce a witness or an expert to give false testimony or opinion, or an analogous attempt to suppress such testimony or opinion."

Lyons, 726 F.Supp.2d at 1366 [*citing* United States v. Keegan, 71 F.Supp 623 (S.D.N.Y. 1947), *quoting* Edward M. Borchard, "State Indemnity for Errors of Criminal Justice"].

4

Here, there is no claim that Jones "[had] the ability to avoid prosecution but instead act[ed] in such a way as to insure it" or that he did anything "extra" beyond the conduct charged in the indictment that resulted in his prosecution. Id. To the contrary, the government affirmatively represents to the Court that, upon its re-examination of the investigative materials and the record in the underlying criminal case, Jones did not bring about his own prosecution either by misconduct or neglect. The Court concludes that the third prong of § 2513(a) has been established.

IV. Conclusion

For the foregoing reasons, the Court concludes that Jones is entitled to certificate of innocence.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Stephen Jones for a certificate of innocence, pursuant to 28 U.S.C. § 2513 [Doc. # 11] is **granted.**

**IT IS HEREBY CERTIFIED** that movant Stephen Jones is actually innocent of the charge of possession of cocaine base with intent to distribute set forth in the indictment in Case No. 4:98-CR-12(CEJ).

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of June, 2011.